## W. B. McCartney v. J. H. Washburn.

1. SETTLEMENT—*What is Final.*—When a party settles an account about which there is a dispute, and gives his note for the amount settled upon, it is a final settlement.

2. PROMISSORY NOTE—*Failure of Consideration—Burden of Proof.*—A party who pleads a failure of consideration of a promissory note, has the burden of proving such failure.

**Memorandum.**—Chancery. Foreclosure proceedings. Error to the Circuit Court of Massac County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

C. L. V. MULKEY, attorney for plaintiff in error.

TAYLOR DODD and W. A. WALL, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT,

The plaintiff in error on the 13th day of December, 1890.

executed and delivered to defendant in error a note for $1,700, and secured the same by a mortgage. On a bill filed to foreclose the mortgage, a defense of fraud and failure of consideration as to $160 of the amount was set up in the answer, which on hearing was disallowed by the court, on the ground that whatever may have been the fact as to the $160, it was an item specifically in dispute at the time of the execution of the note and mortgage, and a settlement had between the parties. The evidence shows this item was in dispute at the time the note was given, and was the subject of bitter contention; that plaintiff in error advised with friends, and finally agreed to the payment of the $160, whereupon that item was embodied in the $1,700 note.

The plaintiff in error, however, contends that this item was included in the agreement of the defendant; that thereafter they would go to see the parties to whom the $160 had been paid for wheat, which had been delivered at the mill of plaintiff, and if they did not sustain his claim, then the money would be refunded.

The court below, in its written opinion, which is embodied in the record, did not notice this feature, or at least did not allude to it in the opinion; this claim of agreement is not denied by defendant.

We have, therefore, looked into the record to find evidence to sustain the plaintiff's contention that the defendant did not, in fact, pay out for plaintiff the $160; for as between the parties, if a settlement is made conditional, as here claimed, we understand the facts may be afterward proven. Washburn swears that he did not pay the $160; exhibits his memorandum of payment, and gives the names of some of the parties to whom such payments were made.

This proof is in addition to the *prima facie* proof offered by the note itself.

The burden then was on McCartney to disprove such payments.

None of the parties to whom it was claimed by Washburn, money had been paid, were called upon to disprove such payments.

McCartney thinks, from the amount of wheat in the mill, that Washburn did not buy the wheat claimed.

From this alone, and what other parties told him, which was not competent, he formed this conclusion.

On the question of fact, the evidence in this record does not sustain the defense of failure of consideration as to the $160, and the decree is affirmed.