## JAMES K. P. SLONIGER

*v.*

## OLIVER SLONIGER *et al.*

*Filed at Springfield May 12, 1896.*

1. WILLS—*effect of subsequent marriage on will.* Under the statute (Hurd's Stat. chap. 39, sec. 10,) the subsequent marriage of a testator operates as a revocation of his will.

2. SAME—*presumption that testator knows the law.* The presumption that every man knows the law extends to a presumption that the revocation of a will by marriage is known to the testator.

3. EVIDENCE—*oral contracts to change disposition by will—degree of proof.* Evidence in support of an oral contract to change the disposition of a decedent's property will be weighed by the courts in the most scrupulous manner.

4. SPECIFIC PERFORMANCE—*rests in the discretion of the court.* Specific performance of a contract is not a matter of right in the party, but a matter of sound discretion in the court.

5. CONTRACTS—*effect of improvements upon land by devisee in revoked will.* Improvements on land of another, made by a prospective devisee under the owner's will, which is revoked by his subsequent marriage, cannot alone avail as a contract for the lands which can be aided by the testator's oral declarations that the devisee is to own the land.*

6. DOWER—*cannot be conveyed to stranger before assignment.* A deed by a widow of all her interest in land of which she owned one-half in fee cannot convey her unassigned dower and homestead interest in the other half, as her estate in that part is not such as can be released or conveyed to any one except the owner of the fee.

APPEAL from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

A bill for partition was filed in the circuit court of Adams county by Oliver, Joshua and Jacob Sloniger, brothers of one Joel Sloniger, deceased, alleging that Joel Sloniger died intestate, seized in fee simple of the premises in controversy; that on December 28, 1859, he made a will devising said premises to James K. P. Slon-

---

*The validity and effect of agreements to give property to another after the death of the promisor are considered in a note to *Krell* v. *Codman,* (Mass.) 14 L. R. A. 860.

iger, appellant, but that the said will was revoked by a marriage which occurred after the execution of the will, and that the widow, who survived Joel Sloniger, conveyed her interest to appellant, thereby extinguishing her homestead, and conveyed only an undivided half interest to appellant, Joel Sloniger having died without issue. The bill alleges that appellant claimed, by virtue of the will and of the deed from the widow of Joel Sloniger, to own all of said premises, and prays for partition among the heirs of Joel Sloniger, deceased.

The answer of appellant sets up the execution of the will and subsequent marriage, but denies that the testator could revoke the will, for the reason that it was a valid and binding contract, which he had neither the right, power nor disposition to revoke; admits that, recognizing the widow's right to dower, homestead, etc., appellant bought all her right, title and interest in said lands and took a deed from her therefor. The answer sets up that appellant was the adopted son of Joel Sloniger, who took him in infancy and raised him, always treating him as his adopted son; that he cleared and cultivated the land, and after arriving at manhood, and after the said will was made, Joel Sloniger told him he had made such a will and that the land would belong to appellant at the death of Joel, and requested appellant to improve the land as his own, and that in pursuance thereof, appellant, relying upon this assurance of the execution of the will, made valuable and lasting improvements, paid all the taxes on the land for more than twenty years, and insists that if the will, as a will, became revoked by the subsequent marriage of Joel Sloniger, it should be treated as a contract to convey and should be specifically performed, or if not, that in any partition made appellant should be allowed what he has paid in taxes and improvements. The same matters, in substance, were also set forth by a cross-bill filed by appellant asking affirmative relief. The answers of all other adult defendants to the original

bill admitted the material averments thereof, and the answers of all defendants to the cross-bill of appellant deny all its material averments.

On the hearing the circuit court, by its final decree, found that Joel Sloniger was in the sole and actual possession of the lands in controversy at the time of his death, and had remained in continuous possession thereof since acquiring title on December 16, 1858; that he died intestate January 22, 1892, seized of said lands, and had resided thereon as a homestead for forty years previous to his death, with his first and second wives, as stated in the amended bill. The decree finds that on December 28, 1859, Joel Sloniger made the will in question, being then the husband of his first wife, and that after that time, on the death of his wife, he again remarried, by reason of which marriage the will was revoked; that he left no child or children or descendants of child or children surviving him, but left his widow, Mary N. Sloniger, and certain persons named in the decree, who are either parties complainant or defendant in the bill, as his only heirs-at-law; that by the death of Joel Sloniger his widow inherited one-half of his lands and dower in the other half, and finds the interest of all other heirs named. The execution of the deed from the widow to appellant, conveying all her interest, is also found. The court finds in the decree that appellant and Joel Sloniger, in the lifetime of the latter, entered into an oral agreement, in which Joel Sloniger promised and agreed that appellant should have all of the real estate at the death of Joel, in consideration of which agreement appellant, with the knowledge, consent and approval of Joel, erected valuable and lasting improvements upon the premises, consisting of a barn, dwelling house and other buildings, and for many years paid the taxes on the premises, but that said oral agreement is within the Statute of Frauds, and is null and void. Commissioners were appointed to make partition, and they were directed to set

off to appellant one-half of the premises, so as to include and embrace that part of the lands upon which the improvements made by appellant were located, without taking into consideration the value of the improvements. They were then directed to assign to the widow dower in the residue of the premises, and to make partition of the remainder in accordance with the interests of the parties as found in the decree. In case the commissioners could not assign to appellant one-half so as to include the improvements, then they were directed to take into consideration the value of the improvements, and the question of appellant's compensation was reserved for further consideration.

To reverse this decree this appeal is prosecuted to this court, the principal questions involved being, whether the appellant is, upon his cross-bill, entitled to have specifically performed the alleged oral agreement with Joel Sloniger for the conveyance or devise of the land, or if not, whether he should be allowed for the improvements he claims to have made on the land. Cross-errors are assigned by appellees upon that part of the decree allowing appellant for the improvements made by him, or, as found in the decree, allowing to him that portion of the land on which were located the buildings and improvements claimed to have been made by him.

HAMILTON & WOODS, and JOHN H. WILLIAMS, for appellant:

A representation by one, of something to be done by him in the future, deliberately and intentionally made for the purpose of influencing the conduct of another, and then acted upon by him, constitutes an equitable contract, which equity will enforce. 3 Pomeroy's Eq. sec. 1294; *Dashwood* v. *Jermyn*, L. R. 12 Ch. Div. 776; *Maunsell* v. *White*, 4 H. L. Cas. 1039.

Equity will always enforce a promise upon which reliance is placed, and which induces the expenditure of

labor and money in the improvement of land. Courts would sanction wrong and fraud not to sustain such a promise. *Kurtz* v. *Hibner*, 55 Ill. 521; *Bright* v. *Bright*, 41 id. 100; *Wood* v. *Thornly*, 58 id. 468; *Langston* v. *Bates*, 84 id. 525; *Bohanan* v. *Bohanan*, 96 id. 598; *McDowell* v. *Lucas*, 97 id. 493; *Smith* v. *Yocum*, 110 id. 145 ; *Irwin* v. *Dyke*, 114 id. 306; *Harrison* v. *Polar Star Lodge*, 116 id. 284.

During the life of the husband the right of dower is a mere expectancy or possibility, but at his death the right becomes fixed and vested. *McNeer* v. *McNeer*, 142 Ill. 400; *Randall* v. *Kreiger*, 23 Wall. 148; *Strong* v. *Clem*, 12 Ind. 37; 2 Scribner on Dower, 25, 44.

Dower may be transferred, in equity, before allotment. *Reeves* v. *Brooks*, 80 Ala. 26; 3 Pomeroy's Eq. Jur. sec. 1383; 2 Scribner on Dower, 48; *Potter* v. *Everitt*, 7 Ired. Eq. 152; *Payne* v. *Becker*, 87 N. Y. 153; *Tompkins* v. *Fonda*, 4 Paige, 448; *Stewart* v. *McMartin*, 5 Barb. 438; *Bostwick* v. *Beach*, 103 N. Y. 423; *Pope* v. *Mead*, 99 id. 203; *Strong* v. *Clem*, 12 Ind. 37; *McKenzie* v. *Donald*, 61 Miss. 452; *Boltz* v. *Stoltz*, 41 Ohio St. 540; *McMahon* v. *Gray*, 150 Mass. 289; *Lamar* v. *Scott*, 4 Rich. 516; *Robie* v. *Flanders*, 33 N. H. 524; *Davison* v. *Whittlesey*, 1 McAr. 163; 2 Lawson on Rights, Rem. and Pr. sec. 773; *Wilson* v. *McLenaghan*, 1 McMull. Eq. 35; *Maccubbin* v. *Cromwell*, 2 Har. & G. 443.

No precise form of words is necessary to make a valid transfer in equity, as substance alone is considered. Bispham's Eq. 167; *Tingle* v. *Fisher*, 20 W.Va. 497; 5 Lawson on Rights, Rem. and Pr. sec. 2645; 1 Wait's Actions and Defenses, 363; *Clemson* v. *Davidson*, 5 Binn. 392; *Morton* v. *Naylor*, 1 Hill, 583; *Hoppiss* v. *Eskridge*, 2 Ired. Eq. 54.

An assignment to a purchaser, for a valuable consideration, of mere contingent rights or executory interests, will be sustained in equity. Preston on Estates, 89.

The Statute of Frauds will never be suffered to operate as an engine of fraud. *Owing's case*, 1 Bland's Ch. 370; *Gilpatrick* v. *Glidden*, 81 Me. 137; 2 Pomeroy's Eq. sec. 921;

1 Story's Eq. sec. 330; 2 id. sec. 759; *Britain* v. *Rossiter*, 11 Q. B. Div. 130; *Maddison* v. *Alderson*, 8 Ill. App. 474.

An invalid will, considered as a will, is nevertheless a writing that may serve to prove an oral contract otherwise within the Statute of Frauds, and not leave the same wholly to the mercy of oral evidence. *Maddox* v. *Rowe*, 23 Ga. 431.

An agreement to make or not to make a certain disposition of property, by will or otherwise, may be specifically enforced if based upon a valuable consideration. 5 Lawson on Rights, Rem. and Pr. sec. 2592; 1 Woerner on Admin. 58; *Green* v. *Broyles*, 3 Humph. 167; *Johnson* v. *Hubbell*, 10 N. J. Eq. 332; *Maddox* v. *Rowe*, 23 Ga. 431; *Frisby* v. *Parkhurst*, 29 Md. 58; *Gupton* v. *Gupton*, 47 Mo. 37; *Carmichael* v. *Carmichael*, 72 Mich. 76; *Owing's case*, 1 Bland's Ch. 379; *Bolman* v. *Overall*, 80 Ala. 451; *Caviness* v. *Rushton*, 101 Ind. 500; *Taylor* v. *Mitchell*, 87 Pa. St. 518; *Sharkey* v. *McDermott*, 91 Mo. 647; *Wright* v. *Tinsley*, 30 id. 389; *Manning* v. *Pippen*, 86 Ala. 357; *DeMoss* v. *Robinson*, 46 Mich. 62; *Rivers* v. *Rivers*, 3 Dessau. 190.

Where a grantee in a deed absolute on its face bound himself, by parol, to devise the property to a designated beneficiary, he must perform his promise. If he make a will pursuant thereto he has no right to destroy it; and if he fail to make the devise it will be a fraudulent violation of his contract, and equity will grant relief against his heirs. *Anding* v. *Davis*, 38 Miss. 574.

SHANNON & LEMMON, and SPRIGG, ANDERSON & W. L. VANDEVENTER, for appellees:

Before a court of equity will specifically enforce an oral contract for the sale and conveyance of real estate, the agreement must be fair, just and legal, and clearly, fully, satisfactorily and unequivocally proved. There must be no reasonable doubt of its actual existence or of any of its terms or conditions. *Semmes* v. *Worthington*, 38 Md. 298; *Purcell* v. *Miner*, 4 Wall. 517; *Koch* v. *Building Ass.*

137 Ill. 497; *Langston* v. *Bates,* 84 id. 524; *Clark* v. *Clark,* 122 id. 388; *Wallace* v. *Rappleye,* 103 id. 230; *Carver* v. *Lasater,* 36 id. 182; *Long* v. *Long,* 118 id. 638; *Woods* v. *Evans,* 113 id. 186; *Shaw* v. *Schoonover,* 130 id. 448; *Railroad Co.* v. *Dimick,* 144 id. 628.

The agreement must be founded upon a valuable consideration. 1 Story's Eq. Jur. sec. 769; *Lear* v. *Chouteau,* 23 Ill. 39; *Railroad Co.* v. *Reno,* 113 id. 39; *Batcheller* v. *Batcheller,* 144 id. 471; *Stock Car Co.* v. *Stable Car Line,* 142 id. 316; *Wolfe* v. *Bradberry,* 140 id. 578.

It must be certain, definite, equal, fair and equitable. To doubt is enough to refuse relief. *Walpole* v. *Oxford,* 3 Ves. 419; *Wolfe* v. *Bradberry,* 140 Ill. 578; *Allen* v. *Webb,* 64 id. 342; *Webb* v. *Insurance Co.* 5 Gilm. 223; *Tamm* v. *Lavalle,* 92 Ill. 263; *Kelly* v. *Kendall,* 118 id. 650; *Brown* v. *Cunningham,* 78 id. 48.

Expressions of intention to make a gift will not sustain a decree for specific performance. *Galloway* v. *Garland,* 104 Ill. 277 ; *Clark* v. *Clark,* 122 id. 388 ; *Bailey* v. *Edmunds,* 64 id. 125.

Loose statements, reports and rumors, coming from the alleged vendor or donor, are wholly insufficient to justify a decree for relief. *Clark* v. *Clark,* 122 Ill. 393 ; *Bailey* v. *Edmunds,* 64 id. 125 ; *Shaw* v. *Schoonover,* 130 id. 455 ; *Ferbrache* v. *Ferbrache,* 110 id. 210.

Possession must be taken under, by virtue and in pursuance of the contract alone. *Wood* v. *Thornly,* 58 Ill. 464; *Clark* v. *Clark,* 122 id. 383 ; *Ferbrache* v. *Ferbrache,* 110 id. 218; 2 Story's Eq. secs. 760, 767; *Koch* v. *Building Ass.* 137 id. 497; *Worth* v. *Worth,* 84 id. 444; *Wallace* v. *Rappleye,* 103 id. 229.

A prior possession, not obtained under and by virtue of the contract, will not suffice. *Koch* v. *Building Ass.* 137 Ill. 497; *Brawdy* v. *Brawdy,* 7 Barr, 157; Browne on Statute of Frauds, sec. 473.

The possession must be taken after the making of the contract, and be exclusive and notorious. Browne on

Statute of Frauds, secs. 472, 474, 482; *Cronk* v. *Trumble*, 66 Ill. 428; *Frye* v. *Shepler*, 7 Barr, 91; *Haslet* v. *Haslet*, 6 Watts, 464.

The possession must be retained. Browne on Statute of Frauds, secs. 472-485; *Rankin* v. *Simpson*, 19 Pa. St. 471; *Dougan* v. *Blocher*, 24 id. 28.

The specific performance of a contract is not a matter of right, but rests in the sound discretion of the chancellor. *Dintleman* v. *Gilbert*, 140 Ill. 597; *Woods* v. *Evans*, 113 id. 186; *Phelps* v. *Railroad Co.* 63 id. 468; *Frisby* v. *Ballance*, 4 Scam. 287; *Railroad Co.* v. *Reno*, 113 Ill. 39; *Iglehart* v. *Vail*, 73 id. 63; *Wallace* v. *Rappleye*, 103 id. 229.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It cannot be seriously contended in this case that appellant took any title, as devisee, by virtue of the will of Joel Sloniger, deceased. After the date and execution of the will the wife of Joel Sloniger died, and at a later date he again married. By the act entitled "Descent of Property," (Hurd's Stat. chap. 39, sec. 10,) the subsequent marriage operated as a revocation of the will.

It is contended by appellant that if the will is void as a will, it should be treated by the court as an equitable contract by Joel Sloniger to convey at a future time, and should be specifically enforced. There is no doubt but in 1859, when the will was executed, it was the intention of Joel that appellant should have this land after his death, and following that he frequently told other parties that such was his intention. Thirty years, however, elapsed from the execution of the will till the date of his death, and the various verbal and indefinite statements made by him tending to establish this fact were during that period. During this time he himself remained in possession of the land, receiving the rents, and that was the condition of affairs at the time of his death. It is in evidence that at one time, long after the execution

of the will and only a few years before his death, he attempted to make an exchange of this property for other lands, thus exercising such acts of ownership and disposition of the land as would indicate that he had knowledge of the fact that his will had been revoked by his subsequent marriage. Every man is presumed to know the law, and it is therefore to be presumed that he had knowledge of the fact that his marriage invalidated the will, and if his desire and intention remained the same he must execute another.

It is urged that appellant having made valuable improvements on this land in the belief it was to be devised to him, it was not therefore in the power of Joel Sloniger, by any act, to absolutely revoke the will, but it became operative, as an instrument in writing, to bring his oral declarations within the Statute of Frauds, and that specific performance may be enforced thereon. To enforce this will, not as a will but as a contract, would make a different disposition of the property of a deceased person than that provided by law, and courts of equity look with jealousy upon the evidence offered in support of such contract, and will weigh such evidence in the most scrupulous manner. (*Shaw* v. *Schoonover*, 130 Ill. 448; *Woods* v. *Evans*, 113 id. 186; *Rock Island and Peoria Railway Co.* v. *Dimick*, 144 id. 628.) In the latter case it is said: "Such a contract must be clearly proved, and be certain and unambiguous in all its terms." The statements in evidence of witnesses as to declarations made by Joel Sloniger in his lifetime are not so clear, certain and unambiguous as to establish, in our view of the case, a contract, taken in connection with the will, which we can enforce, and resulting in a disposition of his property different from that which would be made by law. The specific performance of a contract in equity is not a matter of right in the party, but a matter of sound discretion in the court, which may grant or deny relief, as may

appear equitable under all the facts and circumstances of the case.   Story's Eq. Jur. sec. 769; *Woods* v. *Evans, supra.*

The cases cited by appellant's counsel in support of the proposition that the will in this case should be construed as a contract and enforced accordingly, are, in the main, cases where the testator had made an agreement to devise certain property or had entered into a contract for the future execution of such a will.   There was no agreement in the case at bar, separate and distinct from the will, which could bind the testator.  A will, in its nature, does not partake of a contract.   It refers, in general, to gifts or voluntary dispositions of property. While the will in this case was apparently in the possession of appellant at the time of the death of Joel Sloniger, and was probated by him, there is an absence of that clear proof which would be required to establish that it was delivered to him in connection with or as part of the various verbal declarations of the testator that after his death appellant was to possess this land. Considering the case as a whole, and with all evidence tending to show a contract to convey, we agree with the circuit court that all verbal declarations were within the Statute of Frauds and were null and void.   The will, having been revoked by the subsequent marriage, was in this case void for any purpose.

Shortly after the death of Joel Sloniger, and probably under the apprehension that he owned all the real estate in controversy under the will, James K. P. Sloniger, the appellant, took a conveyance from the widow of Joel Sloniger of all her interest in this land.   By the appeal in this case the question is raised as to what he took under this deed.   If Joel Sloniger died intestate, then the widow, under the statute, was entitled to dower and homestead and one-half the real estate in fee.   Her unassigned dower and homestead were not such an estate as was capable of being released or conveyed to one except the owner of the fee.   In *Best* v. *Jenks*, 123 Ill. 447,

it was said by this court (p. 456): "The right of dower is a mere intangible, inchoate, contingent expectancy, and until it is assigned it is no estate in the land, but it is a right resting in action only, and it cannot be aliened. It may be released so as to bar the right of asserting it against the owner in fee, but it cannot be invested in another separately from the fee." It is clear, therefore, that the only interest which appellant took by virtue of this deed was one-half the fee and a release of dower and homestead interests in that one-half. The widow was still entitled to dower in the one-half of this land which did not pass by her deed.

Under the decree of the trial court the commissioners appointed by the decree for partition were instructed to set off to appellant that part of the land on which were located the buildings and improvements which he claimed to have made or paid for. Appellant had been taken by Joel Sloniger in infancy, and had been raised by him and brought up on this place as one of the family. Almost his sole opportunity to acquire money or property was from the proceeds of this land. The buildings and most other improvements alleged to have been paid for by him were placed on this land when he had barely attained his majority. Considering his circumstances, from the evidence in this record it appears to us as very improbable that he should have accumulated, as a mere boy, the several thousand dollars which were expended in these improvements. Cross-errors are assigned by appellees to that part of the decree which instructs the commissioners to set off to him the land on which the buildings are located. These improvements are now, however, old, and presumably of no great value. Appellant himself residing on this farm, has, with his own family, had the use and benefit of the improvements from the time they were new until age has depreciated their value. It was a controverted question of fact in the court below whether he had made or paid for the improvements, and the con-

clusion of the circuit court in this regard was arrived at after hearing evidence on the trial in open court, and we are not inclined to disturb the decree in that particular. It was, however, as liberal and equitable in its terms as appellant, under all the circumstances, was entitled to.

Some question is raised as to the certainty of the proof regarding heirship. We do not find from this record but that the facts on this branch of the case were sufficient to warrant the decree of the court. Taken as a whole, the decree of the circuit court was in accord with the established principles of equity, and is free from any of the objections urged against it by appellant.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*

Mr. JUSTICE CARTER, having been of counsel for some of the parties as to questions connected with this litigation, took no part in the decision of this cause.