## First National Bank of Crown Point, Indiana, Appellee, v. George F. Davis et al., Appellants.

### Gen. No. 14,167.

1. VARIANCES—*what not, in foreclosure proceeding.* The fact that a bill to foreclose describes a mortgage as made to secure a note of a specific amount while the mortgage introduced in evidence describes such note without specifying the amount thereof, does not establish a fatal variance where the note is identified by oral testimony as the one secured by the mortgage.

2. MORTGAGES—*what good consideration.* A pre-existing debt is a good consideration for a conveyance by way of mortgage.

3. MORTGAGES—*effect of seal.* A seal upon a mortgage imports a consideration.

4. MORTGAGES—*what good consideration.* Forbearance of an overdue note, accompanied by a conditional extension, is a good consideration for a mortgage.

5. DOWER—*what good consideration for release.* No further consideration is required to make a release of dower and homestead by the wife valid than that which supports the main undertaking of the husband.

6. MASTERS IN CHANCERY—*what waives objection.* A point not raised by objection before the master is thereafter barred to the complaining party upon hearing before the court and on review.

Foreclosure. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909.

GEORGE B. CHAMBERLIN, for appellants; EDWARD J. HILL, of counsel.

CHARLES L. MAHONEY, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

So far as the appellants, George F. Davis and Lizzie M. Davis, his wife, are concerned, we see no merit whatever in this appeal. George F. Davis was, on February 17, 1906, indebted to the First National Bank of Crown Point in the sum of $1,500 and some interest.

This indebtedness was evidenced by a note dated Crown Point, Indiana, July 2, 1904, payable one year after date to the order of the First National Bank of Crown Point, with 6 per cent. interest from date, and attorney's fees, signed by himself and one Henry Davis and one H. P. Davis. On that date of February 17, 1906, which was long after this note was due, he made a mortgage to secure this indebtedness on the west half of the northeast quarter and the east half of the northeast quarter and the east half of the northwest quarter, all in section 31, township 35, range 15. The mortgage ran to the First National Bank of Crown Point, and was expressed to be "to secure the payment of one certain promissory note executed by George F. Davis, Henry Davis and H. P. Davis, bearing date July 2, 1904, due one year after date, with interest at 6 per cent per annum and with attorney fees payable to the First National Bank of Crown Point, Indiana." It provided that if default should be made in the payment of the promissory note described, the mortgage might be immediately foreclosed to pay the same. Lizzie M. Davis was named in the body of the mortgage as grantor and signed the mortgage deed. But George F. Davis had the title to the property; his wife, therefore, joined only in release of dower and homestead.

Nothing having been paid on the indebtedness on September 11, 1906, the First National Bank of Crown Point began a suit in chancery to foreclose the mortgage against George F. Davis and Lizzie M. Davis and William Severin, and the unknown owners or holders of a note dated April 24, 1906, for the sum of $1,500, payable to the order of William Severin on or before two years after date, and against Henry Rinkenberger and the unknown owners or holders of a note dated April 27, 1906, for $600, payable to the order of Henry Rinkenberger on or before twelve months after date.

Severin and Rinkenberger and the unknown holders of the notes described were made parties defendant, as

alleged, because George F. Davis and Lizzie M. Davis, his wife, had on April 24, 1906, made and executed a mortgage to William Severin on the property before described, to secure the first of these described notes, and on April 27, 1906, still another mortgage to Henry Rinkenberger to secure the second of the described notes. Both said mortgages were alleged by the bill to be subsequent to the one it sought to foreclose.

The bill was first demurred to by George F. Davis and William Severin and answered by Lizzie M. Davis and Henry Rinkenberger. The demurrer being overruled, the defendants George F. Davis and William Severin also answered the bill.

George F. Davis's answer asserted that the mortgage, the foreclosure of which was asked, was given on the promise of the president of the plaintiff corporation to extend the time for the payment of the indebtedness secured by it until by the produce of the mortgaged farm he could realize the money with which to pay it, and "that in thus procuring said mortgage deed from this defendant and in proceeding to foreclose the same without giving to these defendants such extension of the time for the payment as fully agreed upon by its president, the said bank complainant is perpetrating a deliberate fraud upon these defendants; that under the circumstances aforesaid the said mortgage deed is not only entirely without consideration, but fraudulent and void as against these defendants, and should be canceled and set aside."

Lizzie M. Davis's answer asserted her ignorance as to the allegations of the bill, but averred that on the 17th day of February, A. D. 1906, her husband, George F. Davis, was the owner in fee simple of the property described in the mortgage in question, and that she, together with her husband, was occupying the same as their homestead; that "well knowing and fully understanding the fact that by the laws of the State of Indiana, as well as by the laws of the State of Illinois, the defendant was incompetent to become in-

debted to any one as surety for her husband for his prior existing debt, the complainant fraudulently and unwittingly, as well as wrongfully, procured from the defendant and her husband on said last named day their certain mortgage of that date, purporting to be for the purpose of securing the principal sum and interest", as described in the bill, "and the defendant therefore avers that by reason of the premises the said mortgage of date February 17, 1896, is as to the defendant, the said Lizzie M. Davis, absolutely null and void."

Severin's answer was that he admitted that the defendants George F. Davis and wife on the 24th day of April, 1906, made and executed to him, William Severin, their note for $1,500, as alleged in the bill of complaint, and secured the same by mortgage on the property described in the bill of complaint, but that all the other allegations of said bill of complaint relate wholly to matters unknown to the defendant, who says "that he has not sufficient knowledge to form a belief, and therefore denies the same, leaving the complainant if he can to make proof of the same."

Rinkenberger answered through another solicitor, William Vocke, who died pending the suit below. This original answer, like Severin's, disclaims all knowledge of the allegations of the bill and demands strict proof of the same, except that it admits that George F. Davis and Lizzie M. Davis, his wife, did execute on April 27, 1906, the mortgage to Rinkenberger conveying the premises in said bill of complaint described, to secure their note bearing said date for the sum of $600 due twelve months after date, with 6 per cent. interest per annum, as stated in said bill of complaint. It alleges that said indebtedness remains wholly unpaid, and that said mortgage was duly recorded and is a valid and subsisting lien on the premises therein described.

A replication having been filed to the answers, the

cause was referred to a master in chancery, who, after taking testimony, filed it with his report on May 24, 1907. He reported, among other things, that he found that the said mortgage sought to be foreclosed was not obtained by means of any fraudulent representations or acts; that the consideration for the giving of the said mortgage was good and sufficient; that $2,149.29 was due, secured by the said mortgage, and that the mortgaged premises should be sold to pay the same; that on April 27, 1906, George F. Davis and Lizzie M. Davis, his wife, executed a trust deed on the said property to secure a note to Henry Rinkenberger, on which there was due $636.20, and that this trust deed was junior and subordinate to the lien of the indebtedness in favor of the First National Bank of Crown Point, and that on April 24, 1906, George F. Davis and Lizzie M. Davis, his wife, executed a mortgage on the said property to secure a note to William Severin for $1,500, on which nothing had been paid, and that said mortgage was a lien on said premises junior to the lien of said First National Bank of Crown Point and senior to the lien in favor of the said Henry Rinkenberger.

The evidence in behalf of Henry Rinkenberger taken before the master consisted entirely of the note and trust deed for $600, running to him, which were, as the report of the testimony filed by the master says, offered and admitted in evidence and marked Rinkenberger's Exhibit 1 and Rinkenberger's Exhibit 2.

The evidence in behalf of Severin was the note and mortgage for $1,500 running to him, which the report says were offered and admitted in evidence as Severin's Exhibit 1 and Severin's Exhibit 2, with testimony that Severin was the legal holder of the same.

No one of these exhibits, however, appears in the transcript of the record in this court in connection with the master's report or elsewhere, and the contents thereof and the facts about the record thereof do not appear.

Objections were filed to the master's report in behalf of George F. Davis and Lizzie M. Davis and of Severin, but none in behalf of Rinkenberger. Those filed were overruled by the master and by an order of court of May 24, 1907, were ordered to stand before the court as exceptions to the master's report.

June 10, 1907, the court was informed of the death on May 13, 1907, of William Vocke, the solicitor for Henry Rinkenberger, and allowed the substitution of Mr. Chamberlin, who had represented the other defendants.

June 11, 1907, Mr. Chamberlin, for Rinkenberger, moved the court that inasmuch as, owing to the sickness and death of William Vocke, the proceedings before the master as to the objections to the report were had without the presence of Rinkenberger or his solicitor, the cause be re-referred to the master to take further testimony. This motion was overruled, and thereupon, by leave of court and according to the terms of the order, without prejudice to proceedings already had in the cause, Rinkenberger amended his answer "so as," in the language of the order, "to conform the same to the proofs". He added to the answer the allegations that "At the time of making of the said mortgage deed to him by the said defendant Davis, for the reason that the said document which is described in the bill of complaint herein, and to foreclose which this suit is brought, as the same then appeared of record, specified no amount of money for which the same was given, it constituted in fact and in law no encumbrance as against this defendant, and this defendant had no notice by said record or otherwise of the amount of the note specified in and purporting to be thereby secured"; and that "since making his said answer herein he had learned for the first time that the conditional agreement which appears on the back of the note purporting to be secured by said mortgage to said complaint, was placed thereon, but that as no mention of said agreement is made in said mortgage

deed, as the same appears of record, he had no notice of the terms and conditions of the indebtedness or obligations purporting to be secured thereby, and that as against this defendant the making of the said mortgage deed and the recording of the same constitute no notice to this defendant of any encumbrance whatever against the premises therein described''. Thereupon, the certificate of evidence says, ''By his counsel the said defendant Rinkenberger then and there objected and excepted to the report of the master in chancery, wherein he finds substantially that the said mortgage deed or securities held by the said Rinkenberger constitute a lien, if any, subsequent to the mortgage to foreclose which the suit was brought'' and ''objected and excepted to the entry of any decree herein as against him for the reasons assigned in and by his said motion and his amendment to his answer on file herein.''

The certificate of evidence further says: The court, ''after argument by counsel for the respective parties, overruled the said objections and exceptions and entered the decree of foreclosure.''

The decree entered the same day, June 11, 1907, approves and confirms the master's report and orders ''that the objections and exceptions to the report of said master by the defendants George F. Davis, Lizzie M. Davis and George Severin'' be overruled. It also dismisses a cross-bill of George F. Davis and Lizzie M. Davis (to cancel the complainant's mortgage), in support of which no evidence had been offered, finds all the material allegations of the bill of complaint proved, that there is due the First National Bank of Crown Point $2,194.29, with interest, and that ''the trust deeds securing the respective indebtedness to Henry Rinkenberger and William Severin are junior and subordinate to the lien of the indebtedness in favor of the complainants herein; that there is due to said Henry Rinkenberger'' $636.20, and to said Severin $1,500 and interest. In the usual terms of decrees of foreclosure, it orders the land sold to satisfy

the decree, if not paid, in favor of the complainant, and orders any surplus to be brought into court to abide a further order.

It is from this decree the present appeal is taken.

It is urged in behalf of the appellant, George F. Davis, that the decree is erroneous because there was a variance between the bill and the proofs, in that the bill described a mortgage as made to secure a note of $1,500, while the mortgage introduced in evidence describes the note by its parties, date, time and rate, but omits the amount altogether. The fact is so, but it does not constitute a variance. The note was identified by the oral testimony as the one secured by the mortgage, and as between the parties at least this was sufficient.

Then it is said also in behalf of appellant George F. Davis, that the appellee did not alter its position or action when the mortgage was given, and that this renders the act or contract of Davis evidenced by the mortgage without consideration and unenforceable.

A pre-existing debt is a good consideration for a conveyance by way of mortgage. It has always been so held, both in Illinois and Indiana. McIntire v. Yates, 104 Ill. 491-501; Work v. Brayton, 5 Ind. 396.

The very seal indeed imports a consideration. Rendleman v. Rendleman, 156 Ill. 568. But in this case the evidence found by the master and the court sufficient to establish the fact, tended to show the consideration of a forbearance for at least 30 days of an over-due note, and a conditional extension, dependent on payment of interest during these 30 days. This was an alteration of position and full consideration in the legal sense, even had one other than the pre-existing debt been necessary.

Finally it is said the mortgage was procured by fraud. Of course this would be sufficient to nullify it, if it were proved, but we see no more proof of it than the master and the chancellor did, and we approve the

finding in the report of the master, which the chancellor confirmed.

These objections to the decree are no more valid when urged in behalf of Lizzie M. Davis than when made in behalf of her husband.

There is no more evidence of fraud and, although the indebtedness secured was not hers, no further consideration was required to make her release of dower and homestead valid than that which existed and made her husband's act effective. Her joining in the deed was merely in release and waiver, and did not convey a title. She had none, although made a warrantor. Sloninger v. Sloninger, 161 Ill. 270; Phillips v. City of Springfield, 39 Ill. 83. And if any consideration beyond her husband's pre-existing indebtedness was necessary, it was supplied by the forbearance above noted extended to him.

The point made in favor of the subsequent mortgagees, Severin and Rinkenberger, that the omission to state the amount of the indebtedness secured in the mortgage to the First National Bank of Crown Point, prevented the record of that mortgage from becoming constructive notice of any prior encumbrance to Severin and Rinkenberger, and rendered erroneous that part of the decree which finds their mortgages junior and subordinate to the mortgage of the complainant, might raise a very serious question (Bullock v. Battenhousen, 108 Ill. 28; Gardner v. Cohn, 191 Ill. 553; Dunn v. Burke, 139 Ill. App. 13) if it had been made in time. But it was not raised by the objections before the master, which were afterwards ordered to stand as exceptions. This was fatal to its effectiveness. Jewell v. Rock River Paper Co., 101 Ill. 57; Singer, Nimick & Co. v. Steele, 125 Ill. 426; Springer v. Kroeschell, 161 Ill. 358, pp. 370-1.

It is true that on the day the decree was entered, Rinkenberger by his counsel sought and obtained permission from the court to amend his answer so as to state the same point made for him in the argument

of appellants' counsel here, but this permission was expressly conditioned on its being without prejudice to proceedings already had, among which was the order which made the objections made before the master to the master's report, the exceptions to be passed on by the chancellor. We do not think the chancellor exceeded his discretionary authority in making this condition, nor that he exceeded it in later refusing, on the motion of Rinkenberger, to re-refer the cause to the master. It would appear from the language of said motion that when made the confirmation of the master's report had already been made by the court. The request is that it be vacated and set aside. We find, however, no order in the transcript confirming the master's report, except in the decree appealed from itself. But this was evidently practically contemporaneous with the denial of the motion for "vacation" and "re-reference". We think that motion came too late, and that it would not have been in furtherance of justice to grant it. The recital in the certificate of evidence that thus practically contemporaneously with the entry of the decree, and after the permission to amend his answer, without prejudice to preceding proceedings, had been availed of, Rinkenberger by his counsel "then and there objected and excepted to the report of said master in chancery, wherein he finds substantially that the said mortgage deed or securities held by the said Rinkenberger constitute a lien, if any, subsequent to the mortgage to foreclose which this suit was brought," is immaterial. The authorities above cited show that an "objection and exception" taken at this stage and in this manner need not be considered.

The decree of the Circuit Court is affirmed.

*Affirmed.*