Andrew M. McLeish, Appellee, v. Alfred J. Hanson et al., Appellants.

### Gen. No. 5366.

1. FORECLOSURE—*when defenses not available.* If a party gives a note for pre-existing debt and secures it by mortgage, he cannot, in an action upon such note or in an action to foreclose such mortgage, set up a claim or defense which existed in his favor and of which he knew at the time he gave such note and mortgage.

2. MORTGAGES—*what consideration sufficient to support.* A pre-existing debt is a good consideration for a note and mortgage.

Bill in chancery. Appeal from the Circuit Court of Boone county: the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910. Opinion modified and rehearing denied November 18, 1910. *Certorari* denied by Supreme Court (making opinion final).

B. A. KNIGHT, for appellant.

FISHER & NORTH, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On September 24, 1907, Alfred Hanson and Ella Hanson, his wife, executed and delivered to Andrew M. McLeish a promissory note for $3,500 payable on or before December 15, 1908, with interest at six per cent. per annum, payable semi-annually, and a mortgage on certain farm lands in Boone county to secure the same. On January 11, 1909, McLeish filed a bill in the Circuit Court of said county, making the Hansons and others parties defendant. The bill set up the

execution of the note and mortgage, and averred the delivery
thereof to the complainant, and that the note was due and
unpaid, and prayed that the said Alfred J. Hanson and Ella
Hanson be decreed to pay the amount found to be due, on an
account to be taken, and in default of such payment that
the mortgaged property be sold to satisfy the debt. The
Hansons filed an answer and a cross bill. A demurrer was
sustained to the cross bill. The answer admitted the execu-
tion of the note and mortagage and their delivery to the com-
plainant, but set up as a defense to the note, that it was
given to take up two notes, one for $2,000 and the other for
$1,698 given to one Jesse Dimond, who, the answer averred,
had obtained them in a certain real estate transaction through
fraudulent representations, and that complainant with knowl-
edge of such fraudulent representations, purchased the notes
after the $1,698 note matured. The bill was taken as con-
fessed as to all the other defendants. There was a replication
to the answer, and the cause was referred to the master to
take proofs, and report his conclusions of law and fact. He
reported that there was due on the note $3,500 and interest
at six per cent. from September 24, 1908, and that complain-
ant was entitled to the relief prayed for in the bill. The
abstract does not show the decree, but the record discloses
that the court approved the master's report and decreed that
the Hansons pay McLeish the amount due on the note and
the further sum of $200 as solicitor's fees, in all $3,938.58,
within five days and that in default of payment the mortgaged
premises be sold to satisfy the decree. From this decree
the Hansons prosecute this appeal. No complaint is made
of the allowance for solicitor's fees.

The note in suit was given by the Hansons to take up two
notes once owned by Dimond, one for $2,000 dated April
28, 1905, and one for $1,698 dated December 29, 1906.
Complainant purchased the $2,000 note for its full value be-
fore maturity without notice to any defense thereto, and the
$1,698 note for a like consideration, after maturity, and
after appellant, Alfred J. Hanson, had said he had no de-
fense to it. There is some proof to the effect that Alfred J.

Hanson said he wanted complainant to buy it. After the two notes came into complainant's possession, the time of payment was extended at the request of Alfred J. Hanson and, as a consideration for such extension, Hanson paid interest thereon, and gave complainant a mortgage on Dakota lands to secure the $2,000 note. After the notes came due on the extension, and complainant had commenced a suit in the Winnebago Circuit Court to enforce their collection, the Hansons gave complainant the note and mortgage in suit and another small note to take up the two notes. The suit was dismissed and the mortgage on the Dakota lands was surrendered. Afterwards, Alfred J. Hanson paid complainant interest on the note in suit up to September 15, 1908, and paid the small note.

Appellants do not seriously claim a defense to that portion of the decree based upon the $2,000 note, but contend that they are entitled to a decree denying foreclosure as to the amount of the $1,698 note.

The real estate transaction between appellant, Alfred J. Hanson, and Dimond, which, it is claimed, tainted the notes with fraud, was the purchase of a farm by Hanson from Dimond in Franklin county, Illinois. The evidence shows that Hanson first purchased a one half interest in the farm and later purchased the other half. The $2,000 note was dated the same day Dimond conveyed the second half of the farm to Hanson, and partook of that transaction. The $1,698 note was dated December 29, 1906, twenty months after the farm deal was closed and the preponderance of the evidence is that it did not partake of the real estate transaction which Hanson claims was tainted by Dimond's misrepresentations. The most reasonable conclusion to be drawn from the evidence is that it was given for moneys borrowed from the Forrest City Bank and afterwards came into Dimond's possession, but, be that as it may, there is no evidence tending to establish appellants' right to have foreclosure denied as to that amount.

Moreover, had the evidence shown that the $1,698 note was in fact tainted by fraud through Dimond's real estate

deals with Hanson, and that appellee had knowledge of such fact, this would not constitute a defense here, for the evidence is clear that at the time the Hansons executed the note and mortgage in suit, they knew of the failure if any on the part of Dimond to perform undertakings he had had with them growing out of the real estate transaction, and the rule is that where such claims are fully known to the maker when he gives a note, he will be precluded from urging them as a defense to a suit upon the note. Hill v. Parsons, 110 Ill. 107; McCartney v. Washburn, 52 Ill. App. 540; Swartzbaugh v. Swartzbaugh, 81 Ill. App. 196; Babcock v. Farwell, 146 Ill. App. 307. The pre-existing debt was a good consideration for the note and mortgage. McIntyre v. Yates, 104 Ill. 491–503. Although the indebtedness secured was not that of appellant, Ella Hanson, the objections urged to the decree are no more valid, urged in her favor, than when made it behalf of her hubsand. No further consideration was required to make her release of dower and homestead valid, than that which existed and made her husband's act effective. Her joining in the mortgage was merely in release and waiver, and did not convey the title. Phillips v. City of Springfield, 39 Ill. 83; Sloniger v. Sloniger, 161 Ill. 270; First National Bank v. Davis, 146 Ill. App. 462. If any consideration beyond her husband's pre-existing indebtedness was necessary, it was supplied by the forbearance extended to him. First National Bank v. Davis, *supra.*

The cross bill only sought relief as to the defense set up in the answer, and the demurrer was properly sustained thereto.

The decree is affirmed.

*Affirmed.*