Foreman Trust & Savings Bank, Executor of the
Estate of Harry Peder, Deceased, Appellee, v.
Herman Cohn and Theresa Cohn et al., Appellants.

Gen. No. 33,474.

Opinion filed June 24, 1929. Rehearing denied July 8, 1929.

GOLAN & HALL, for appellants.

DENEEN, HEALY & LEE and HAROLD L. FEIGENHOLTZ,
for appellee; HARRY W. LIPPINCOTT and HAROLD L.
FEIGENHOLTZ, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

This appeal is brought by the principal defendants to reverse a decree granting the prayer of complainant in a bill to foreclose a mortgage. The defense set up in the answer is that complainant's testator, Harry Feder, and one Samuel J. Hachtman obtained a trust deed and notes in suit from defendants without giving money or any other consideration therefor by representing to defendants that Feder and Hachtman would use the trust deed for the purpose of exhibiting the same; that it was never to be recorded and that they would destroy it, but that fraudulently, falsely and contrary to their promise they recorded the trust deed; that Hachtman informed defendants the mortgage was destroyed; that they never knew until after the death of Feder that the trust deed was recorded, and that they were then for the first time requested to pay the notes secured by the trust deed.

Averring the same facts, defendants, Herman and Theresa Cohn, filed a cross-bill in and by which they prayed that the unpaid notes and the trust deed might be delivered over to them. The decree dismissed the cross-bill for want of equity.

The cause was heard by the master upon exceptions to the master's report, which were overruled. The report was approved and a decree entered in conformity with the report. Defendants testified upon the hearing to matters occurring prior to the death of Harry Feder. The master received the evidence subject to objection, but in preparing his report disregarded this evidence upon the theory that defendants were incompetent witnesses under the statute. The evidence of Samuel J. Hachtman was also received as to similar occurrences. His evidence was also held to be incompetent under the statute by the master. However, the parties have stipulated that the evidence of Hachtman shall be regarded as free from this objection.

An examination of the record leaves little doubt as to the facts. Samuel J. Hachtman was a lawyer who

dealt in securities. At the time in question he had an office with Harry Feder. He is the son-in-law of Herman and Theresa Cohn, the principal defendants, who executed these notes and trust deed on June 3, 1926. Louis L. Kahn is named as trustee in the trust deed. Herman Cohn is a bond broker at 640 North Clark street, and he has been engaged in business at that address for 15 years and has lived in Chicago for 37 years. There is nothing in the record to indicate that he is now or ever has been on unfriendly terms with his son-in-law Hachtman. When Hachtman was about to engage in business and needed credit, his father-in-law became his guarantor at banks to the total amount of $50,000. The trust deed in question was acknowledged before Hachtman as a notary public, and the evidence is uncontradicted that he procured the execution of the notes and trust deed by Herman and Theresa Cohn on June 3 and the delivery of the same to himself. He testifies that he did not give any money or anything of value to Herman or Theresa Cohn for the execution and delivery of these papers. He further testifies:

"I told Mr. Cohn that these papers were necessary in order to help out Mr. Feder and incidentally to help out myself. I told him Mr. Feder wanted these papers just to exhibit and that he was not going to put them on record and that they would be returned to Cohn."

He further says that Mrs. Cohn did not want to sign the papers; that she said she could not see why Hachtman had to have the papers as long as there was not any money going into the business; that she did not know that the business warranted borrowing any money from Harry Feder, and that if it was just to help him out she did not see why they should jeopardize their property or take any chance with real estate in order to help Hachtman out. He says:

"I told her that Mr. Feder and myself—that Feder asked me to get this mortgage to help him out and that incidentally it would help me out due to the fact that

I was doing so much business with him, and I had to have these papers to present, that he would not put them on record—just a matter of showing somebody that he had these papers. I was present at the time she signed this instrument.''

He further testifies that after he received the mortgage he turned it over to Feder. He says that Feder took the mortgage, and he does not know what he did with it. As a matter of fact, we think the preponderance of the evidence shows, as the master finds, that the notes and mortgage were executed as an accommodation to Hachtman and that he delivered the same to Feder in consideration of money which Feder loaned to him about this time. Seven of the notes which matured prior to the death of Feder were paid by checks from Samuel J. Hachtman, and the evidence leaves no doubt that about this time Feder actually loaned to Hachtman a sum of money which, with the commission, amounted to the exact amount of the notes secured by this mortgage.

There is no dispute as to the general rule which obtains in this State that in equity the purchaser of notes secured by a trust deed or mortgage is an assignee only and takes the deed and mortgage subject to all the defenses which might have been interposed by the mortgagor. That rule is laid down in the well-known case of *Olds v. Cummings*, 31 Ill. 188, and has been consistently followed ever since. *Miller v. Larned*, 103 Ill. 562; *Naef v. Potter*, 226 Ill. 628; *Ridings v. Hynds*, 154 Ill. App. 429, and many other cases might be cited. As an examination of the opinions filed in these cases discloses, the basis for the doctrine is found in that maxim of equity which declares that where the equities are equal, the first in order of time must prevail—a principle which, it is perfectly apparent, must give way where the original maker of the notes and mortgage has made and delivered the same as accommodation paper to a third person. To apply

the maxim under such circumstances would amount to a judicial approval of the perpetration of a fraud—always abhorent to a court of equity. As was said in *Miller v. Larned, supra:*

"To allow the equities existing between the original parties to accommodation paper secured by mortgage to prevail over the equities of the assignee of the note would be to carry the doctrine of *Olds v. Cummings* to such an unreasonable extent as would ensnare honest dealers in such securities."

The master found that this note and trust deed were turned over to Feder by Hachtman as collateral or in payment of a principal existing indebtedness and that this was a valid consideration for the note and mortgage. *McIntire v. Yates,* 104 Ill. 491; *First Nat. Bank of Crown Point v. Davis,* 146 Ill. App. 462; *McLeish v. Hanson,* 157 Ill. App. 605.

These facts are found by the master and have been approved by the chancellor, and we have no right to set them aside unless they are clearly and manifestly against the weight of the evidence. *Cahill v. Lauf,* 133 Ill. App. 607; *Nimmons v. Lyon & Healy,* 197 Ill. App. 376; *Klekamp v. Klekamp,* 275 Ill. 98. We cannot so find.

The defendants, however, invoke the elementary rule that the pleadings, the proofs and the decree in chancery must correspond and that in the event they do not so correspond the bill must be dismissed, and they say that the finding that these notes and trust deed were made and delivered as accommodation paper is equivalent to a finding that they were given without consideration; that the bill alleges they were made and delivered for a consideration and that Herman and Theresa Cohn, being indebted, made, executed and delivered the notes; that if this was accommodation paper they were not indebted and they therefore received no consideration. *James H. Rice Co. v. McJohn,* 244 Ill. 264; *Stearns v. Glos,* 235 Ill. 290; *Lang*

*v. Metzger,* 206 Ill. 475, and many other cases, stating the elementary rule as to the necessity that allegations, proofs and the decree must correspond, are cited. In particular, the case of *Burr v. Beckler,* 264 Ill. 230, is relied on, and it is urged that the facts there are identical with those which appear in this case. An examination of the opinion in that case discloses that the question of whether the securities given were accommodation paper was not at all necessary to the decision of the case, and as a matter of fact the case was decided upon entirely different grounds. In the course of the opinion, however, the court stated that if the note had been accommodation paper it would make no difference because the facts alleged in the bill were inconsistent with that theory (in that the bill alleged that the maker was indebted to a named person, and being so indebted, in consideration thereof, made the note) and that a party could not make one case by his bill and another by his proofs.

We have examined the bill in this case, however, and find that it does not allege that Herman and Theresa Cohn were indebted to any particular person. We take it, however, that one who hands to another accomodation paper, upon the delivery of it to a third person, who takes the same for value, does become indebted. The allegation of the bill is therefore sustained, and there is no variance, as defendants contend.

A consideration of the whole record convinces us that there is no valid defense to these notes. There is proof in the record from which the master found, the chancellor approved (and we cannot say that the finding is wrong) that Herman Cohn after the death of Feder made statements to the effect that the mortgage was good and that it would be paid.

The decree is just and it is affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.