(No. 14715.—Decree affirmed.)

ELLEN E. BURNS, Plaintiff in Error, *vs.* THE FIRST NATIONAL BANK OF JOLIET *et al.* Defendants in Error.

*Opinion filed October 21, 1922.*

1. SPECIFIC PERFORMANCE—*what necessary to specific performance of oral promise to convey.* To secure specific performance of an oral promise to convey real property to the complainant, the contract must be clearly proved, be certain and unambiguous in all its terms and established by clear and convincing evidence.

2. WILLS—*what constitutes an election under a will.* As a testator is presumed to have intended that all the provisions of his will shall take effect, a beneficiary cannot accept what is given by the will and set up any right or claim, however legal or well founded, which will defeat or prevent a full operation of the will, and a devisee or legatee having such claim or right must elect either to accept what is given by the will and surrender the claim or right, or retain the claim and reject the will.

3. SAME—*when a legatee cannot maintain bill for specific performance of testator's promise to convey.* A legatee who has accepted the benefit of monthly payments which the will provides shall be paid to her during her life ratifies every provision of the will, and she cannot maintain a bill for specific performance of an alleged oral promise of the testator to convey to her, in return for services rendered him, property which is disposed of by the will.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

D. R. ANDERSON, for plaintiff in error.

JOHN H. SAVAGE, and PETER SHUTTS, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George R. McClester, of Plainfield, in Will county, died on June 7, 1918, leaving a last will and testament, by which, after providing for the payment of funeral expenses, he disposed of his estate as follows: He gave $200 to the Plainfield Cemetery Association for the up-keep of his burial lot, and all the remainder of his property he devised and bequeathed to the Woodruff Trust Company under an active trust to invest and re-invest and to pay to the plaintiff in error, Ellen E. Burns, $30 per month during her natural life, and upon her death to secure a proper and suitable site and erect a free public library in the village of Plainfield to be known as "The McClester Library," and upon completion of the same to turn it over to the village of Plainfield, together with the residue of the estate then remaining, as an endowment fund for maintaining, extending and increasing the library. If the village of Plainfield should not within two years after the death of plaintiff in error, or within two years after the death of the testator, if she should predecease him, accept the provision for a public library, the residue was to go to the Silver Cross Hospital of Joliet. The will was admitted to probate, and the Woodruff Trust Company, which was appointed executor, resigned and was succeeded by the First National Bank of Joliet as administrator *de bonis non* with the will annexed. A bill in chancery was filed in the circuit court alleging that the trust company was giving up the trust business, and there was a decree appointing the First National Bank of Joliet as successor in trust. On October 5, 1920, the plaintiff in error filed her bill in this case in the circuit court alleging an oral promise by the testator on June 27,

1903, to execute a will devising to her the north half of lots 1 and 2 in block 12, in the village of Plainfield, for her life, and to bequeath to her certain promissory notes described in the bill in the principal sum of $15,600, in consideration that she would live with him, act as his housekeeper and take charge of his home, and that he would pay her $12 per month for her services. The prayer was that the First National Bank be required to specifically perform the agreement alleged by assigning the notes and conveying a life estate in the lots to the plaintiff in error. There was a joint and several answer of all the defendants denying the making of the alleged contract, setting up an election of the plaintiff in error to accept the bequest to her as a ratification of the will, and alleging that the plaintiff in error was barred and the questions involved were *res judicata* in various proceedings to which she had been a party. The cause was heard by the chancellor and the bill dismissed for want of equity.

The complainant, Ellen E. Burns, was housekeeper for George R. McClester and his wife before the death of McClester's wife, in 1902, and after such death she continued as housekeeper at $12 a month for her services until his death. She was a widow without children and he had no family and at his death left no heirs except two children of a deceased sister. After his death she continued to occupy the home until she was removed under a judgment in forcible entry and detainer on December 25, 1919. The next day she filed a petition in the probate court claiming as a gift to her the notes and accounts inventoried, and upon a citation to the First National Bank and a hearing the petition was dismissed on January 2, 1921. When the will was admitted to probate she had notice and appeared at the hearing. She was a party to the proceeding in the circuit court in which the First National Bank was appointed trustee in the place of the Woodruff Trust Company and was defaulted. The court by its decree found that she was

living on a part of the premises under permission of the Woodruff Trust Company and the First National Bank, and the matter of rental was thereafter to be determined. On July 7, 1920, she went to the First National Bank and was there paid twenty-five monthly payments of $30 each given her by the will, less ninety cents inheritance tax on each payment. She had purchased at the administrator's sale goods amounting to $143.75, and this amount was deducted and a check was given for the balance of $583.75. Afterward, on the 7th of each month, a check for $29.10 was mailed to and received by her but had not been cashed.

There was no evidence tending to prove any promise of McClester to give the complainant any promissory notes or accounts by will or otherwise. She had set up a claim to the notes by gift in the citation in the probate court, where her petition had been dismissed. There was some evidence of statements by McClester, such as that the home would be hers as long as she lived; that it belonged to her when he was through; that he would leave her full and plenty so that she would not want; that she deserved to be well paid and he would leave her full and plenty, and besides that would give her the home. To secure specific performance of such a contract as was alleged it must be clearly proved, be certain and unambiguous in all its terms and established by clear and convincing evidence. (*Sloniger* v. *Sloniger,* 161 Ill. 270; *Klussman* v. *Wessling,* 238 id. 568.) Whether the contract alleged by the complainant was so proved is the subject of argument, but whether it was or not is of no importance. If the contract was made as alleged and executed on the part of the complainant by performance she could not ask its enforcement, because she elected to take under the will and thereby ratified all its provisions.

Election under a will consists in the exercise of choice offered a devisee or legatee of either accepting what is given by the will and surrendering some claim or right or

property which the will undertakes to dispose of, or of retaining such claim, right or property and rejecting the provision made by the will. If there is such a claim inconsistent with the provision of a will the testator does not intend that the beneficiary shall enjoy both ‘the right or property claimed and what is given by the will. His intention being that all the provisions of the will shall take effect, a beneficiary cannot accept that which is given by the will and set up any right or claim, however legal or well founded it may have been, which would defeat or prevent a full operation of the will. *Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Brown* v. *Pitney,* 39 id. 468; *Lessley* v. *Lessley,* 44 id. 527; *Gorham* v. *Dodge,* 122 id. 528; *Fry* v. *Morrison,* 159 id. 244; *Madison* v. *Larmon,* 170 id. 65; *Buchanan* v. *McLennan,* 192 id. 480; *Richardson* v. *Trubey,* 250 id. 577; *Koelling* v. *Foster,* 254 id. 494; *Palenske* v. *Palenske,* 281 id. 574; ·*Elmore* v. *Carter,* 289 id. 560.

There is no question in this case of election by a creditor by accepting a legacy in satisfaction of a debt, since it is not claimed, and there is not the slightest evidence to prove, that the complainant was not paid the stipulated sum per month for her services or that McClester was indebted to her in any amount at his death. The only indebtedness created by the agreement alleged was for $12 a month. But whatever the contract was, the complainant by accepting the monthly payments under the will admitted that its provisions constituted the will of the testator and she thereby ratified every provision of the will. She knew the amount of the estate and every condition connected with it, and being capable of deciding for herself, elected to take the benefit of the monthly payments during her natural life.

The decree is affirmed.                     *Decree affirmed.*