(No. 34821.—

Floy Heaney, Appellant, *vs.* Arthur Nagel *et al.,* Appellees.

*Opinion filed September 18, 1958.*

WHAM, WELCH & METZDORF, of Chicago, (Ross S. WELCH, of counsel,) for appellant.

JOSEPH A. DONOVAN, and PALMER LEREN, both of Wheaton, CHARLES F. GRIMES, JOHN MANN, and WILLIAM B. GARRETT, all of Chicago, for appellees.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

This is a suit for the assignment of dower to Floy Heaney, plaintiff, which was brought in the circuit court of Du Page County against Arthur Nagel, Elizabeth Nagel, Robert Nagel, and Mary Jane Nagel, the present owners of the farm land involved, and Phoenix Mutual Life Insurance Co., their mortgagee. By their answer the defendants pleaded as an affirmative defense a certain property settlement agreement between plaintiff and her deceased husband, N. Sproat Heaney, Sr., whereby she allegedly released all property interests arising from the marital relationship. Thereafter plaintiff filed a reply to this answer, a motion to strike the property settlement allegations, and a motion

for summary judgment upon the pleadings. Defendants, by leave of court, amended their answer so as to counterclaim for removal of the dower election as a cloud upon title. Upon hearing the cause, the court denied plaintiff's requested relief, dismissed her action for assignment of dower, and entered judgment for the defendants upon their counterclaim to remove the title cloud. A freehold being involved, direct appeal has been taken to this court.

The facts are not in dispute. Plaintiff and N. Sproat Heaney, Sr., were married in 1908 and sometime thereafter he purchased a 160-acre farm located in Du Page County, taking title in his own name. On December 28, 1940, he entered into a real-estate contract with W. J. Leidy and Milton L. Sturm whereby he agreed to sell the farm for a stated consideration of $24,800. Plaintiff did not join in the agreement nor did she execute the warranty deed of March 19, 1941, whereby the property was conveyed to the vendees "subject to the inchoate dower interest of Floy Heaney," the quoted words expressly appearing upon the face of the recorded deed. Because of this outstanding dower interest, the vendees withheld the sum of $8,000 from the agreed purchase price and paid only the balance of $16,800 to the husband in payment for his interest. In April, 1947, Leidy became the sole owner of the property, and by mesne conveyances occurring in 1954 and 1955, the Nagels acquired the record title. Thereafter, they mortgaged the property to the Phoenix Mutual Life Insurance Co. Meantime, however, marital differences arose between the Heaneys, and upon the wife's complaint a decree of divorce was granted on December 5, 1947, the provisions thereof containing a property settlement agreement which had been executed by the parties during the previous month. By the terms of this property settlement, it was agreed that the husband should continue to own certain real estate in Glen Ellyn, Illinois, and in Canada; that certain Glen Ellyn property would be sold or devised only to their son, N.

Sproat Heaney, Jr.; that Floy Heaney should take whatever furniture she wanted from the Glen Ellyn farm; that in addition thereto she should take as her absolute property a residence located in the city of Glen Ellyn; and that an irrevocable trust of personal property should be created for the wife's benefit during her lifetime with the remainder being thereafter distributed to other children of their marriage. The agreement stated that all marital interest in the Canadian property, "including her dower and widow's award," were released by the wife, and in addition thereto the instrument further recited in the sixth clause:

"This agreement is a full and complete settlement of all rights of the Second Party [Floy Heaney] to support and maintenance, and of all property rights of the parties hereto as husband and wife, both now and after the death of either party to this Agreement. From this date forward, neither party shall have any interest of any kind or nature in or to any property, real, personal or mixed, of the other party to this Agreement, whether now owned by such party or hereafter acquired."

The husband later remarried, moved to California, and died in September, 1955, without any further action being taken in regard to the 160-acre Leidy farm. On January 26, 1956, plaintiff filed her election of dower in the Du Page County recorder's office and on June 13, 1956 the present proceedings were instituted.

The questions now presented are (1) did the trial court err in refusing to strike the defendants' evidence as to a property settlement and (2) if not, does such settlement agreement bar plaintiff's action for assignmnt of dower.

Plaintiff contends that the property-settlement agreement was a personal matter between husband and wife and was not intended as a third-party-beneficiary contract so as to be enforceable by the present defendants. Thus, she argues, it was inadmissible in the instant proceedings. This is not a contract case but a suit for the assignment of

dower. Section 18 of the Probate Act (Ill. Rev. Stat. 1955, chap. 3, par. 170) provides that "A surviving spouse, whether husband or wife, may become endowed of a third part of all real estate of which the decedent was seized * * * during the marriage * * * *unless the right to elect to take dower has been released or is barred."* (Emphasis supplied.) Consequently, it was incumbent upon defendants to offer, and for the court to consider, any evidence tending to show that plaintiff had in fact disposed of her dower interest. The situation is not unlike a specific performance or ejectment action brought by an alleged owner having defective title. It has been frequently held in such instances that proof of faulty title may be material, even though the defendant was not a party to the encumbering agreement. (*Boyer* v. *Thornburg,* 115 Ill. 540; *North* v. *Graham,* 235 Ill. 178; *Chicago and Eastern Illinois Railroad Co.* v. *Clapp,* 201 Ill. 418; *Runkle* v. *Johnson,* 30 Ill. 328; 31 I.L.P., Releases, sec. 43; 35 I.L.P., Vendor and Purchaser, sec. 95.) Furthermore, in partition actions brought by a surviving spouse, it has become quite common for the heirs' defense to be based upon a husband-wife property settlement agreement (*Laleman* v. *Crombez,* 6 Ill.2d 194; *Lagow* v. *Snapp,* 400 Ill. 414; *Kirchner* v. *Morrison,* 320 Ill. 236; *Crum* v. *Sawyer,* 132 Ill. 443), and in *Parker* v. *Gray,* 317 Ill. 468, such a contract was introduced by the defendants in a suit for assignment of dower. Therefore, it is our opinion that in the present case the trial court did not err in refusing to strike such evidence.

We must next decide whether by means of such agreement plaintiff has released her right to dower in the subject property, and to do this we must ascertain the intent of the contracting parties by examining the instrument as a whole. (*Guhl* v. *Guhl,* 376 Ill. 100; *Seuss* v. *Schukat,* 358 Ill. 27.) The contract first recites that its purpose is to settle all "property rights, interests, and claims." It goes on to describe a Glen Ellyn farm which remained the property of

the husband with certain restrictions, a Glen Ellyn residence which was conveyed to the wife, and certain Canadian real estate retained by the husband as his absolute property. As to the latter, the wife expressly released any and all claim thereto "including her dower and widow's award." However, no such direct reference was made to any other property. In fact the only other provision relative thereto is contained in the sixth clause. There it is stated that the agreement is "a full and complete settlement * * * of all property rights of the parties hereto as husband and wife, both now and after the death of either party to this Agreement." It also recited that neither party should thereafter have any interest in property "now owned * * * or hereafter acquired" by the "other party to this Agreement." Finally in the ninth clause the parties agreed that "the division of property herein specified shall be deemed a property settlement."

From an examination of those provisions it is clear that the parties thereto sought only to settle their own marital differences and had no intention of releasing to a total stranger an $8,000 interest without any consideration. The instrument repeatedly stated that its purpose was to achieve a property settlement between the spouses preparatory to the granting of a divorce. By its own language the release provision was restricted to property owned by "the other party to this Agreement." Certainly at the time this contract was signed, the Leidy property could not have been so construed, since it was sold some six years earlier. Defendants place much reliance upon the statement that the agreement settled all property rights between the parties "both now and after the death of either party to this Agreement." According to their argument, the words "after death" could only refer to dower interest arising from the Leidy land since all other such interests were allegedly released by other provisions of the agreement. The fallacy of this contention lies in the fact that three parcels of real

estate were described in the agreement but dower was expressly released only as to one, the Canadian land. Since reference was made therein to the death of *either* party, it is only logical to assume that the questioned language was meant to bar marital rights in the remaining two tracts, namely the Glen Ellyn farm owned by the husband and the house owned by the wife. There is no evidence to indicate that the Leidy land was even considered. As was said in *Seuss* v. *Schukat,* 358 Ill. 27, the marital rights of a husband or wife will be barred by a settlement agreement only if that intent is clearly apparent. We do not find that clear intent in the present case. Accordingly, it is our opinion that the property agreement does not bar plaintiff's present action for assignment of dower.

For the reasons stated the decree of the circuit court of Du Page County is reversed, and the cause is remanded with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*