IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2002 Session

## IN THE MATTER OF THE ESTATE OF JAMES T. SANDERSON, DECEASED

**Direct Appeal from the Chancery Court for Hardeman County**
**No. P-1020      Roy B. Morgan, Chancellor**

---

**No. W2001-01938-COA-R3-CV - Filed October 28, 2002**

---

This case concerns the administration of an estate. The decedent's widow appeals the trial court's judgment claiming that it was error to deny her claim for an elective share of the estate. Appellant also alleges error in the finding that the administrator had not caused the estate to suffer monetary loss as a result of actions taken by him in his role as administrator. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Charles M. Cary, Bolivar, Tennessee, for the appellant, Shirley Diane Sanderson.

William C. Bell, Jr., Jackson, Tennessee, for the appellee, Joe B. Cole, Administrator.

## OPINION

James T. Sanderson (Decedent) died testate on August 28, 1998. The decedent's named executor, the Bank of Bolivar, declined to serve. Subsequently, decedent's wife, Shirley Sanderson (Appellant), declined to serve as administrator, as did decedent's daughter, Sheree Sanderson Rudd. Both parties recommended the appointment of Joe B. Cole (Administrator) as Administrator. Mr. Cole agreed to serve after being asked personally by Appellant if he would do so. Mr. Cole was appointed Administrator With Will Annexed on December 7, 1998. Mr. Cole's agreement to administer the estate appears to be the last time that he and Appellant agreed about any issue relating to the estate.

At the time of his death, decedent's real property included his law office upon which the Bank of Bolivar held a note secured by a deed of trust on the building and its contents, which included antique furniture and several thousand client files. The decedent's Will provided that

[s]ubject to the assumption of outstanding debt secured by Trust Deed dated December 18, 1991. . .I give a one-third (1/3) undivided interest to my wife . . . and a two-thirds (2/3) undivided interest to my daughter. . . as tenants in common, in my law office building. . . together with all furniture and fixtures, including my law library, with the request that the building including furniture and fixtures and law library be leased to a law firm and the rent be used, first, to make monthly mortgage payments to the Bank of Bolivar with an appropriate amount be placed in escrow by the Bank of Bolivar to pay for property taxes and insurance . . . .

Apparently, despite this specific devise and a lack of formal renunciation of the gift, all parties involved treated the law office property as estate property after Mrs. Sanderson refused to assume the debt jointly with Ms. Rudd. The sale of the property was listed on the Estate's 1999 Fiduciary tax return. The estate also included real property in Tishomingo County, Mississippi and Jackson, Tennessee. Appellant takes issue with all aspects of the Administrator's handling of the law office property from the time she refused to assume the debt through the sale of the property.

In addition to her claim that the Administrator improperly managed the law office, resulting in monetary loss to the estate, Appellant also questions the Administrator's actions regarding personalty held by the estate, most notably a pickup truck, Rolex watch, and diamond ring, all of which were found to have been properly sold pursuant to a court order. Appellant claims that the Administrator's sale of these items for less than their appraised value resulted in a loss to the estate. Appellant asserts that the Administrator failed in other areas of his estate administration as well, and that such failure also resulted in monetary loss to the estate. On March 29, 1999 the Administrator filed a motion seeking an extension of time for Appellant to file her notice of claim for elective share. This motion was approved per an order of May 6, 1999 which provided that

the Administrator W.W.A. is allowed until May 7, 1999 to file an inventory for the estate herein, or a reasonable time thereafter, and the surviving spouse, Shirley Sanderson [Appellant], shall be granted an extension of time of thirty (30) days after said inventory is filed within which to file a notice of dissent from the will.

Appellant filed a motion for elective share on May 20, 1999. Per an order of October 22, 1999 Appellant's motion was "reserved, until such time as the [Appellant] is able to make an accurate determination of the amount of claims to be paid and the assets available to the estate." The Administrator filed a motion to compel widow's election on September 13, 2001. Appellant answered the motion claiming that the lack of a cap on administrative and attorney's fees was preventing her from making an informed decision as to her election. Appellant's claim for an elective share was denied by an order of January 2, 2002. The trial court also found that the Administrator was not responsible for losses suffered by the estate. This appeal ensued.

The extensive procedural history of this case, comprising a technical record of two hundred and seventy one pages, is well known to the parties and does not bear repeating.

## *Issues Presented*

Mrs. Sanderson asserts that the trial court committed the following errors, which she presents for our review:

      (1) The trial court was in error in approving the Administrator's, c.t.a. payments to the Bank of Bolivar.

      (2) The trial court was in error in approving the Administrator's, c.t.a. payment of office utilities and expenses.

      (3) The trial court was in error in finding that the Administrator, c.t.a. timely and properly sold the pickup truck, Rolex Watch, and diamond ring.

      (4) The trial court was in error in not finding that the Administrator's, c.t.a. failure to invest funds was improper.

      (5) The trial court was in error in approving the Administrator's, c.t.a failure to pay estimated tax payments.

      (6) The trial court was in error in not finding that the Administrator's, c.t.a. failure to pay the funeral expenses was improper.

      (7) The trial court was in error in not finding that the Administrator's, c.t.a. action to dissolve the professional corporation was untimely.

      (8) The trial court was in error in not finding that the estate had suffered monetary losses due to the failure of the Administrator, c.t.a. to timely and properly administer the estate.

      (9) The trial court was in error in denying the widow's claim for an elective share.

      (10) The trial court was in error in denying the widow's claim for attorney fees and approving attorney fees and Administrator, c.t.a. fees in the total sum of $45,000.00.

## *Standard of Review*

In a civil action we review a trial court's findings of fact *de novo* upon the record of the trial court.  Such review is accompanied by a presumption of correctness, unless the

evidence preponderates against such findings. Tenn. R. App. P. 13(d); ***Brooks v. Brooks***, 992 S.W.2d 403,404 (Tenn. 1999). Questions of law are reviewed ***de novo***, with no presumption of correctness. ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999).

Appellant raises ten issues on appeal. As we view this matter, a finding that the trial court did not err in holding that the estate had suffered no monetary loss due to the failure of the Administrator to timely and properly administer the estate (issue number eight), would render discussion of issues one through seven moot, as each of these assignments of error is alleged to have caused the estate to suffer monetary loss. We, therefore, begin our discussion with Appellants assignment of error number eight.

### *Failure of Administrator, c.t.a. to Timely and Properly Administer the Estate*

Appellant appears to be of the opinion that the Administrator breached his duty by failing to maximize the return on each transaction involving the estate. In fact, Appellant has gone to great lengths to document what she perceives to be losses suffered by the estate as a result of actions taken, or failed to have been taken, by the Administrator. Administrators are not, however, insurers. ***See Young v. Phillips***, 93 S.W.2d 634, 636 (Tenn. 1936). While it is easy to put pencil to paper after the fact and determine that another course of action may have been more beneficial to the estate, the well established rule in Tennessee is that "the situation as it appeared at the time must be considered in testing the liability of [an administrator,]" for "[i]t is an obvious truth that 'a wisdom developed after an event, and having it and its consequences as a source, is a standard [by which] no man should be judged . . . .'" ***Id***. (citation omitted). It is easy for Appellant to calculate theoretical losses based on actions which could have been, but were not, taken by the Administrator. The Administrator, however, constrained by information available at the moment, does not share this benefit of hindsight. Accordingly, "[t]he facts must be considered as they presented themselves at the time the [administrator] acted, and not from the illuminated viewpoint of subsequent events." ***Id***. (citing ***United States v. Am. Bell Tel. Co.***, 167 U.S. 224, 261 (1897)). It is merely a truism that "[a] wisdom born after the event is the cheapest of all wisdom. Anybody could have discovered America after 1492." ***Am. Bell Tel. Co.***, 167 U.S. at 261.

The trial court found that "[t]he Administrator was selected to serve at Ms. Sanderson's request after Ms. Sanderson declined. The Administrator has acted prudently and considering the complexities and lack of cooperation of the parties, the Administrator is not found to be responsible for any losses to the estate." After a thorough review of this record, we have determined that the evidence does not preponderate against this holding.

### *Denial of Widow's Claim for an Elective Share*

Appellant contends that the trial court erred in denying her claim for an elective share provided for in Tenn. Code. Ann. § 31-4-101. Although the trial court made extensive findings, the order is devoid of any findings of fact concerning this issue. "[T]he court speaks through its order, not through the transcript." ***In re: The Adoption of Female Child, E.N.R.***, 42 S.W.3d 26, 31 (Tenn.

2001) (citations omitted). "Since the trial court made no findings of fact, there is nothing in this record upon which the presumption of correctness contained in Tenn. R. App. P. 13(d) can attach." *Kelly v. Kelly*, 679 S.W.2d 458, 460 (Tenn. Ct. App. 1984). Therefore, "we will proceed to review the record de novo." *Id.* This standard of review is warranted because a lack of such findings prevents us from determining, conclusively, what factors the trial court relied on in reaching its decision. *See Fisher v. Fisher*, 648 S.W.2d 244, 245 (Tenn. 1983).

The doctrine of election "applies where one asserts conflicting rights to property, i.e., claiming under the will and making a separate claim [such as that for an elective share] against the estate." *Elmore v. Covington*, 172 S.W.2d 809, 810-11 (Tenn. 1943). Tennessee has long recognized the "established rule in equity that a man shall not take any beneficial interest in a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat, or in any way prevent, the full effect and operation of every part of the will[.]" *Williams v. Williams*, 83 Tenn. 438, 445 (1885) (internal quotation omitted).

Applying the foregoing well-established principles, we need look no further than Article Six of decedent's Will to determine this issue; for this section provides that the term "Residuary Estate" includes "***all of my property (wherever located) passing under this Will, other than*** . . . property [specifically devised]." (emphasis added)

An agreed order of June 19, 2001, provided that Appellant,

> Shirley Sanderson[,] ***shall receive*** a quitclaim deed from the Aministrator, W.W.A. and Sheree Rudd to the fee simple interest *owned by the estate* in certain real property located in Tishomingo County, Mississippi and . . .[s]aid conveyance is made subject to any and all taxes, fees, assessments or any other indebtedness that are now or may become due and shall be the responsibility of Shirley Sanderson. (emphasis added)

Recognizing "that anyone who asserts an interest under an instrument, such as a will, is bound to give full effect thereto and may not both accept and reject the instrument or avail himself of the benefits thereof as to a part and defeat the provisions thereof as to other parts[,]" *Pierce v. Tharp*, 430 S.W.2d 787, 794 (Tenn. Ct. App. 1967) (citing *Elmore*, 172 S.W.2d at 811), we are of the opinion that Appellant, by entering into the aforementioned agreed order, elected to receive estate property through the residuary clause of the Will. The trial court was, therefore, correct in holding that she forfeited any right to dissent from the will and claim an elective share of decedent's estate.

***Denial of Widow's Claim for Attorney's Fees and Approval of Administrator's Fees and Administrator's Attorney's Fees.***

Appellant takes issue with the trial courts determination that she is not entitled to have her attorney's fees paid by the estate. We agree with the trial court that an award of attorney's fees to the Appellant is not warranted in this case. The trial court's order cited a "lack of cooperation of the [Appellant] to approach and resolve this matter with the least cost" as a basis for the denial of an award of attorney's fees. While it is true that "[f]ees for the services of an attorney not employed by the personal representative are sometimes allowed out of the assets [of the estate, this applies] ***only where the services have inured to the benefit of the estate***." ***Davis v. Mitchell***, 178 S.W.2d 889, 915 (Tenn. Ct. App. 1943) (emphasis added). Inherent in the trial court's assertion that Appellant had not attempted to resolve the issues ***that she presented*** in a more cost effective manner is the inescapable conclusion that her actions have in no way benefitted, and more likely have harmed, the estate. Accordingly, the trial court did not err in denying Appellant's claim for attorney's fees.

Appellant contests the trial court's approval of the Administrator c.t.a's fees. An administrator "is entitled to reasonable compensation for their services, and to payment from the estate for reasonable expenses incurred in good faith for the exclusive and necessary benefit of the estate." ***In re Estate of Wallace***, 829 S.W.2d 696, 700-701 (Tenn. Ct. App. 1992) (internal citation omitted). The trial court found that "[t]he Administrator is entitled to [a] fee ***for his services on behalf of the Estate*** . . . ." The evidence does not preponderate against this award of fees.

Appellant also contests the award of the Administrator's attorney's fees from the estate. We note that a significant portion of the legal fees that Appellant contests are the direct result of the Administrator's having to answer to Appellant, through an attorney, for nearly every action taken during the administration of the estate; actions which were invariably held not to have been a breach of the Administrator's fiduciary duty.

> [W]hen an [administrator] is charged with a breach of its fiduciary duties or when its accounting is challenged, it is the outcome of the proceedings that determines whether the [administrator's] legal expenses incurred in defending against the challenge should be assessed against the estate. If the [administrator] successfully defends its conduct, its legal expenses may be charged against the estate.

***Id.*** at 704 (internal citation omitted).

In light of our previous affirmance of the trial court's holding, specifically that the administrator had not caused the estate to suffer any monetary loss as a result of his administration of the estate, we affirm the award of the Administrator's attorney's fees. To hold otherwise would, in effect, punish the Administrator for the proper exercise of his fiduciary duty.

Accordingly, we affirm the decision of the trial court and remand this cause for further proceedings consistent with this opinion. We tax the costs of this appeal to Appellant, Shirley Dianne Sanderson, and her surety for which execution, if necessary, may issue.

 

_____
DAVID R. FARMER, JUDGE